716 So.2d 424 (1998)
STATE of Louisiana
v.
Larry FORBES.
No. 97 KA 1839.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*425 Walter P. Reed, District Attorney by Terry Boudreaux, Assistant District Attorney, Covington, for Appellee State.
Wilson Rambo, Monroe, for Defendant-Appellant Larry Forbes.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON, J. Ad Hoc.[1]
FITZSIMMONS, Judge.
Defendant, Larry Forbes, was charged by bill of information with molestation of a juvenile under his control and supervision, a violation of La. R.S. 14:81.2. Defendant pled not guilty. After a trial, the jury returned the verdict of guilty of attempted molestation of a juvenile with control or supervision over the juvenile. The trial court ordered a presentence investigation report. Defendant filed motions for post-verdict judgment of acquittal and for new trial. At the hearing on the motions, defendant argued that the state failed in its burden to prove all the elements of the charge, specifically the element of control or supervision over the juvenile. Subsequently, the trial court denied defendant's motions and sentenced defendant to five years at hard labor.[2] He now appeals, *426 and makes the following assignments of error: (1) there was insufficient evidence to sustain the conviction, (2) the trial court failed to give adequate reasons for the sentence, and (3) an excessive sentence was imposed.

FACTS
In May of 1996, the then seven year-old victim, K.S., advised her father that she had been touched by defendant on her breasts and above her vaginal area. Defendant was a friend of a man, Frank Wehmeyer, who resided in the home of the victim's maternal grandmother, Isabelle Ruiz. The child explained that this act occurred when she visited her grandmother's house and defendant was in the home visiting Wehmeyer. K.S. also made the accusations to a school counselor. Subsequently, the police were contacted and defendant was arrested for molestation of the child.
During the trial, the victim used a drawing to indicate where she had been touched by defendant. The child indicated that defendant had touched her directly on her "boobies," a term she used for breasts, and on the area below her navel, but just above her "foofy," her term for vagina. K.S. indicated that this occurred when she sat on defendant's lap while watching television, and no one other than her younger brother was in the room. The child further explained that she did not reveal the incident at the time it occurred because she was afraid. On crossexamination, K.S. admitted that she was hurt, but not mad, at defendant for not attending her first communion party.
The child's mother testified and described her daughter as a bright loving child. She contended that there were times, before the incidents were revealed, that K.S. did not want to go to her grandmother's home. When called as a witness by the defendant, the mother acknowledged an incident in which her daughter and a friend inadvertently saw parts of a pornographic videotape at another child's home. The mother denied making a statement that defendant would be sorry if he did not attend K.S.'s first communion party. However, she admitted that K.S. was upset that defendant did not attend and that the allegations were made after the party occurred.
The victim's grandmother, Isabelle Ruiz, testified that K.S. came to her house on frequent occasions and that defendant slept at the home on less than five occasions. Ms. Ruiz stated that she only knew of one time in which K.S. sat on defendant's lap. She was always in the home, but not the same room, when both K.S. and defendant were in her home. Although she did not notice changes in the child's behavior, she did not believe that K.S. lied about the incident. Ms. Ruiz further testified that after the allegations were made, defendant called her and threatened to tell employers of the child's father about the father's prior criminal conviction.
Frank Wehmeyer, defendant's friend who lived in the Ruiz home, testified that he never saw K.S. sit on defendant's lap. Nor did he see defendant act inappropriately with the child. However, he admitted that he was not always present when K.S. and defendant were together. Wehmeyer also stated that there were times at night when the child would watch television while dressed in a Tshirt and underwear. As to the child's communion party, Wehmeyer recalled the mother stating that he and defendant would "regret it" if they did not attend.
Defendant testified that between May of 1995 and May of 1996 he went to the Ruiz home about once a month. He only recalled one occasion when both he and K.S. slept at the home on the same night. He did not see the child dressed in a T-shirt, until the next morning. Defendant denied molesting the child and hugging her inappropriately. He also denied ever being alone with the child. Defendant stated that the child's parents did not like him and just "tolerated him." He believed that the child's allegations were a result of her anger at his failure to attend her first communion party.

*427 SUFFICIENCY OF THE EVIDENCE
Defendant contends that there was insufficient proof to sustain the conviction. In reviewing claims challenging the sufficiency of the evidence, this court must consider, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.Code Crim. P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
The testimony of the victim alone is sufficient to prove the elements of the offense. The trier of fact may accept or reject, in whole or part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Johnson, 529 So.2d 466, 473 (La.App. 1st Cir.1988), writ denied, 536 So.2d 1233 (La.1989).
The essential elements of the crime of molestation of a juvenile, La. R.S. 14:81.2, are:
1. Commission by anyone over the age of seventeen
2. of any lewd or lascivious act
3. upon the person or in the presence of
4. any child under the age of seventeen
5. where there is an age difference of greater than two years between the two persons
6. with the intention of arousing or gratifying the sexual desires of either person
7. by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
The essential elements of attempted molestation of a juvenile, La. R.S. 14:27 and 14:81.2, are:
1. A person with the specific intent to commit a crime
2. does or omits an act
3. for the purpose of and tending directly toward the accomplishing of his object, the molestation of a juvenile, the elements of which are set forth above.
"Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1). Specific intent may be proved by direct evidence, such as statements by a defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Johnson, 461 So.2d 1273, 1277 (La.App. 1 Cir.1984). The Jackson v. Virginia standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides, the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. Albert, 96-1991 (La.App. 1 Cir. 6/20/97), 697 So.2d 1355, 1362; State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
The victim's status as a minor and the requisite age differential are not disputed. The elements remaining for the state to prove were: lewd or lascivious act, an intention to arouse, and the use of influence gained from a position of control or supervision over the juvenile.

LEWD OR LASCIVIOUS ACT
The evidence was sufficient to establish that the defendant reached under K.S.'s T-shirt and touched the victim's breasts, and reached into her underpants and touched the area below her naval, near her vagina. It is obvious that the jury rejected defendant's testimony at trial and his hypothesis of innocence and believed the testimony of the victim. We conclude that a rational trier of fact could conclude that the defendant's behavior constituted lewd and lascivious acts.

SPECIFIC INTENT TO AROUSE OR GRATIFY
Specific intent can be inferred from circumstantial evidence, such as the defendant's *428 actions. State v. Johnson, 461 So.2d at 1277. We believe the acts of the intrusion under the T-shirt, and touching of the breasts, and the intrusion into the victim's underpants, and touching of the area near the vagina, was sufficient to prove the essential element of the specific intent to arouse or gratify sexual desire.

CONTROL OR SUPERVISION OVER THE JUVENILE
The final element the state had to prove was the defendant's use of influence by virtue of his position of control and supervision over the victim. At trial, the victim stated that, at her grandmother's house, her grandmother was the boss. When asked if the defendant had baby-sat for her or could tell her what to do, the victim replied "No" to both questions. The grandmother, Ms. Ruiz, testified that she took care of K.S. when she visited and that Mr. Forbes did not take care of the K.S., or have control or supervision. This was the only specific testimony on the element of control or supervision.
Although the defendant argued this lack of evidence at the hearing on the motions for post-verdict judgment of acquittal and new trial, the trial court denied relief. That failure to recognize that the evidence did not support the verdict was clear error.
However, the state proved and the jury found, by its verdict, the existence of all the elements of the lesser and included offense of attempted indecent behavior with a juvenile, a violation of La. R.S. 14:81 and La. R.S. 14:27. See State v. Ragas, 607 So.2d 967, 973 (La.App. 4th Cir.1992), writ denied, 612 So.2d 97 (La.1993). Under such circumstances, a reviewing court, pursuant to Louisiana Code of Criminal Procedure article 821 E, may modify the conviction and render a judgment of conviction of the lesser and included offense. See State v. Schenck, 513 So.2d 1159, 1165 (La.1987). Accordingly, we modify the conviction of attempted molestation of a juvenile and render a judgment of attempted indecent behavior with a juvenile. We remand the case to the trial court for sentencing on the conviction of attempted indecent behavior with a juvenile.

EXCESSIVE SENTENCE
Defendant argues that the trial court failed to give adequate reasons for the sentence and that it imposed an excessive sentence. Additionally, defendant alleges two patent errors: imposition of sentence without an express waiver of the 24 hour delay required by Louisiana Code of Criminal Procedure article 873 and the failure to give credit for time served. We need not address these assignments of error or claims of patent error on sentencing because of our modification of the conviction and remand for a new sentencing.
CONVICTION MODIFIED; CASE REMANDED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] The record indicates that the state filed a multiple offender bill of information charging defendant as a second felony offender. Defendant was arraigned and the matter was continued without date. However, the record does not reflect any further multiple offender proceedings or disposition of the charge. Thus, this appeal does not pertain to the multiple offender charge.