I,GUIDRY, J.,
dissenting.
I disagree with the majority’s finding that there was sufficient evidence presented from which the jury could have reasonably inferred that the defendant intended to rob the victim. The facts merely show that the defendant attacked the victim. The defendant did not make any demands for money or items; he merely stated, “I got you.” Since the defendant and the victim were acquainted, it is reasonable that the defendant had a motive other than robbery for attacking the victim and the evidence did not preclude beyond a reasonable doubt a reasonable hypothesis of innocence. Therefore, the defendant’s convic *11 tion for attempted simple robbery should be reversed and the sentence imposed therefor should be vacated.
I also disagree with that portion of the majority’s opinion that affirms the defendant’s conviction for second degree battery.
I do not find that there was sufficient evidence to prove that the defendant had the intent to inflict bodily injury involving: (1) extreme physical pain; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) substantial risk of death. The defendant did attack the victim by choking him. The ^attack stopped after the victim was able to free himself and throw defendant out of the store. Dr. Ritter testified that the injury was consistent with the victim’s difficulty in talking and that choking could involve a substantial risk of death. The victim’s wife stated that her husband remained in bed for a week after the incident, was hoarse and had trouble talking. However, Dr. Ritter testified that based on his treatment of Mr. Hambrick, he was “excited, agitated and in mild distress.” The victim had a bloody nose and tenderness in the hyoid area below the larynx. Although he testified that choking could have resulted in a substantial risk of death, he testified that the victim’s injuries did not result in a substantial risk of death. He admitted that the hospital records indicated the victim’s condition was good and that he was released after treatment in the emergency room. He had neither protracted or obvious disfigurement, protracted loss or impairment of a function of a bodily member or organ nor substantial risk of death when he treated him. Mr. Hambrick, in his deposition, did not state with specificity the nature of any additional throat problems he had nor did he receive further medical treatment for his throat. Based on these facts, I do not believe that a jury could have reasonably found that the state proved an intent to inflict an injury that involved a substantial risk of death or the impairment of the function of a bodily member.
Nevertheless, as to Count 2, there is sufficient evidence that the defendant intentionally used force and violence upon Mr. Hambrick, the victim, without his consent. Simple battery, a misdemeanor, is a battery committed without the consent of the victim. La. R.S. 14:35.
Battery is defined in La. R.S. 14:33 as:
Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.
Since that evidence is sufficient to prove that defendant committed the lesser included offense of simple battery beyond a reasonable doubt, the defendant is not | ^entitled to be discharged or to receive a new trial on this ' matter. A reviewing court, pursuant to Louisiana Code of Criminal Procedure article 821 E, may modify the conviction and render a judgment of conviction of the lesser and included offense. See State v. Forbes, 97-1839, p. 8 (La.App. 1 Cir. 6/29/98), 716 So.2d 424, 428.
Accordingly, I would reverse the defendant’s conviction for attempted robbery and vacate the sentence imposed therefore, and I would modify the conviction of second degree battery in Count 2, render a judgment of simple battery and remand the case to the trial court for sentencing on the conviction of simple battery. Therefore, I respectfully dissent from the majority’s opinion.