*239
 
 PETTIGREW, J.
 

 |2The defendant, David Gilbert Ardoin, was charged by grand jury indictment with aggravated rape, a violation of La. R.S. 14:42(A)(4) (count one), and with aggravated incest, a violation of La. R.S. 14:78.1 (count two). The defendant pled not guilty to both charges, waived trial by jury, and elected to have a bench trial. Following trial, the trial court found the defendant not guilty of aggravated rape and guilty of aggravated incest. The defendant filed motions for new trial and postverdict judgment of acquittal, which were denied. The defendant was sentenced to ten years imprisonment at hard labor. The defendant now appeals, asserting one assignment of error. For the reasons that follow, ■ the judgment of conviction of aggravated incest is reversed and modified to a judgment of conviction of the lesser and included offense of molestation of a juvenile. The sentence is vacated, and the case is remanded to the trial court for resentencing on the modified judgment of conviction.
 

 FACTS
 

 The defendant was married to Trina Ar-doin. Trim's brother was Edward Flynn. Edward’s daughter was M.C., the seven-year-old victim. Therefore, Trina was M.C.’s aunt. M.C. lived with the defendant and Trina. Trina had raised M.C. since she was six-months old. Edward’s wife was Merdean Flynn, M.C.’s stepmother. M.C. visited Edward and Merdean on weekends and holidays. During one of these visits in June 2006, M.C. told Merde-an about inappropriate behavior by the defendant. Specifically, M.C. told Merde-an that the defendant came in the room, raised up her shirt, and kissed her on the stomach. The defendant told M.C. he was finding a tickle spot. The defendant then pulled down M.C.’s pajama bottoms, rolled her over, and kissed her on the buttocks. Later, M.C. was questioned by Edward and Merdean about the incident. Edward asked M.C. if the defendant had done anything else to her. M.C. responded that “he stuck his finger down there.”
 

 M.C. testified at trial. M.C. stated that they were living in a trailer in Gibson. She was sitting on the couch when the defendant knelt, pulled down her pants and panties, and licked her “bottom private part.” On another occasion, the defendant had M.C. | .¡stroke his penis with her hand until he ejaculated. M.C. also testified that the defendant came into her room and touched her vagina with his hand. According to M.C. the defendant performed oral sex on her about ten times.
 

 The defendant testified at trial. He denied the allegations. He stated that he never put his tongue on M.C.’s private parts and that he never forced M.C. to touch him.
 

 ASSIGNMENT OF ERROR
 

 In his sole assignment of error, the defendant argues the evidence was insufficient to support the conviction of aggravated incest. Specifically, the defendant contends the State did not prove beyond a reasonable doubt that he was related to the victim as a biological, step, or adoptive relative. This argument has merit.
 

 A conviction based on insufficient evidence cannot stand as it violates Due Process.
 
 See
 
 U.S. Const, amend. XIV; La. Const, art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
 
 See also
 
 La.Code Crim. P. art. 821(B);
 
 *240
 

 State v. Ordodi,
 
 2006-0207, p. 10 (La.11/29/06), 946 So.2d 654, 660;
 
 State v. Mussall,
 
 523 So.2d 1305, 1308-09 (La.1988). The
 
 Jackson
 
 standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence.
 
 See State v. Paterno,
 
 2001-2585, pp. 4-5 (La.App. 1 Cir. 6/21/02), 822 So.2d 141, 144.
 

 Louisiana Revised Statutes 14:78.1 provides, in pertinent part:
 

 A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
 

 |4B. The following are prohibited acts under this Section:
 

 (1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
 

 The State must prove several elements to establish the offense of aggravated incest. First, the State must show that the victim was under eighteen years of age. Second, the State must show that the offender knew that the victim was related to him within the specified degrees. The statute enumerates a list of relatives who may be victims of the offense and specifies that the offender must be aware of his relationship to the victim. Finally, the State must prove that the defendant has engaged in one of the prohibited acts with the victim.
 
 See State v. Flores,
 
 27,736, p. 5 (La.App. 2 Cir. 2/28/96), 669 So.2d 646, 650.
 

 In its reasons for judgment, the trial court found that the elements for aggravated incest had been met. Regarding the relationship element, the trial court found the defendant to be the step-uncle of M.C. The testimonial evidence adduced at trial established that the defendant was married to Trina Ardoin. Trina’s brother was Edward Flynn. Edward’s daughter was M.C. Therefore, Trina was M.C.’s biological aunt. There are no step-relationships among these particular relatives. The defendant’s status vis-a-vis M.C. is an uncle by marriage, as opposed to a biological uncle. M.C. would, therefore, be the defendant’s niece by marriage. In any event, the defendant cannot properly be regarded as M.C.’s step-uncle. There was some testimony at trial that suggested Edward might not have been the biological father of M.C. Further, the defendant devotes much of his brief making this very argument.
 
 [1]
 
 | Jiowever, even if Edward were not the biological father of M.C. the defendant would still not be the biological, step, or adoptive relative of M.C.
 

 
 *241
 
 The interpretation of articles of the Louisiana Criminal Code is governed by La. R.S. 14:3, which provides as follows:
 

 The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in them usual sense, in connection with the context, and with reference to the purpose of the provision.
 

 It is well established that criminal statutes are to be strictly construed. Courts are not empowered to extend by analogy the terms of a criminal provision to cover conduct not included within the definition of a crime. Any doubt as to the extent of the coverage of a criminal statute must be decided in favor of the accused and against the State.
 
 State v. Smith,
 
 97-0782, pp. 3-4 (La.App. 1 Cir. 2/20/98), 708 So.2d 1166, 1168.
 

 Because the defendant is not a biological, step, or adoptive relative of M.C. the trial court’s finding that the defendant was the step-uncle of M.C. was erroneous. Accordingly, the defendant did not commit the crime of aggravated incest. Under La.Code Crim. P. art. 814, there are no statutorily listed responsive verdicts to aggravated incest. Pursuant to La.Code Crim. P. art. 815(2), however, we find that molestation of a juvenile is a lesser and included grade of the offense of aggravated incest. As articulated by the Louisiana Supreme Court in
 
 State v. Simmons,
 
 422 So.2d 138, 142 (La.1982), the test for determining if a crime is a lesser and included offense of the offense charged is:
 

 whether the definition of the greater offense necessarily includes all the elements of the lesser. Stated in another way for practical application, this merely means that, if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive. [Italics deleted.] [Citation omitted.]
 

 Molestation of a juvenile is clearly a lesser and included offense because it does not require proof of any element that is not required in the charged offense of aggravated incest. Molestation of a juvenile is one of the listed prohibited acts in the aggravated incest statute. Further, M.C. was under eighteen years of age. The only | (¡remaining element required for proof of aggravated incest, which is not an element for proof of molestation of a juvenile, is the relationship, whether biological, step, or adoptive, between the offender and the victim.
 
 See
 
 La. R.S. 14:81.2. Therefore, the trial court, by finding the defendant guilty of the greater offense of aggravated incest, necessarily found the existence of every essential element of the lesser and included offense of molestation of a juvenile, and the evidence fully supports the finding of each such essential element.
 
 [2]
 
 Under such circumstances, a reviewing court, pursuant to La.Code Crim. P. art. 821(E), may reverse and modify the lower court’s decision and render a judgment of conviction of the lesser and included offense.
 
 See
 
 La. R.S. 14:5;
 
 State v. Leblanc,
 
 506 So.2d 1197, 1201 (La.1987).
 
 See also State v. Schenck,
 
 513 So.2d 1159, 1165 (La.1987). Accordingly, the judgment of conviction of aggravated incest will be reduced to molestation of a juvenile.
 

 
 *242
 
 We note that the testimonial evidence adduced at trial established that the defendant had control or supervision over M.C. According to Trina Ardoin, she and the defendant raised M.C. since she was two years old. When the defendant was asked on cross-examination, “Okay, but these children were under your control and supervision; were they not? You and your wife’s,” the defendant responded, “Yes, sir.” Justin, Trina’s son and the defendant’s stepson, testified that the defendant was raising him, M.C. and Zane (Trina and the defendant’s child), and that there were times when the defendant watched him, M.C., and Zane.
 

 Prior to the 2006 amendment, La. R.S. 14:81.2(C) provided in pertinent part, “Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both.” Accordingly, the trial court shall consider La. R.S. 14:81.2(0 when resentencing the defendant.
 

 ^CONCLUSION
 

 The judgment of conviction of aggravated incest is reversed and modified to a judgment of conviction of the lesser and included offense of molestation of a juvenile. The sentence' is vacated, and the case is remanded to the trial court for resentencing on the modified judgment of conviction.
 

 CONVICTION REVERSED AND MODIFIED; SENTENCE VACATED; REMANDED TO THE TRIAL COURT FOR RESENTENCING ON THE MODIFIED JUDGMENT OF CONVICTION.
 

 [1]
 

 . While the defendant in his brief focuses on the narrower issue of whether Edward Flynn was the biological father of M.C., the defendant does address the relevant issue at hand. For example, at the conclusion of his brief, the defendant states, "The evidence is insufficient to prove all of the elements of aggravated incest, specifically, the state failed to meet its burden in establishing the most vital element of aggravated incest: a biological, step or adoptive relationship.”
 

 [2]
 

 . We also note in its reasons for judgment, the trial court stated that it believed beyond a reasonable doubt the defendant was guilty of the crimes of indecent behavior with a juvenile or molestation of a juvenile.