STATE OF LOUISIANA,
v.
CLARENCE MOTT, JR.
No. 2009 KA 1371.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
HILLAR C. MOORE, III, District Attorney, SUE BERNIE, JEANNE ROUGEAU, Assistant District Attorneys, Counsel for Appellee, State of Louisiana.
FRANK SLOAN, Counsel for Defendant/Appellant, Clarence Mott, Jr.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
McCLENDON, J.
The defendant, Clarence Mott, Jr., was charged by grand jury indictment with aggravated rape, a violation of LSA-R.S. 14:42. He pleaded not guilty. Following a trial by jury, the defendant was found guilty as charged. The defendant filed a motion for post-verdict judgment of acquittal, which the trial court denied. The defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The defendant now appeals. He urges the following assignments of error by counseled and pro se briefs:
Counseled:
1. Sufficiency of the evidence (insufficient evidence of possession of a dangerous weapon).
Prose.
1. The evidence was insufficient to support the verdict where the essential elements needed to support the offense were not proven beyond a reasonable doubt (insufficient evidence of penetration).
2. Appellant was deprived of his sixth and fourteenth amendment right to effective assistance of counsel.
Finding no merit in the assigned errors, we affirm the defendant's conviction and sentence.

FACTS
On September 14, 1985, at approximately 5:00 a.m., LK.[1] and her two minor children were asleep inside their Baton Rouge residence when an individual, subsequently identified as the defendant, entered the residence through the bedroom window. L.K. awoke to the defendant in her bed with his hand over her mouth. The defendant placed what L.K. described as a box cutter on L.K.'s neck and told her, "Be quiet. Don't scream." The defendant vaginally raped L.K. as she begged for her life. According to L.K., the box cutter was held to her neck throughout the encounter. Before leaving the residence, the defendant warned L.K. not to call the police. He told her that he would return and kill her if she reported the rape. The defendant exited the residence through the window. L.K. immediately contacted the police.
Shortly thereafter, Baton Rouge City Police Officer James B. Smith arrived at the residence to investigate the rape complaint. Officer Smith observed a small cut in the screen covering the window to L.K.'s bedroom. The latch at the bottom of the screen was also undone. There was a five gallon plastic bucket turned upside down outside the window.
L.K. was transported to the hospital where a sexual assault examination was performed. There were no outward signs of vaginal trauma observed. However, vaginal washings were collected, and they revealed the presence of seminal fluid. L.K.'s gown and panties also tested positive for the presence of seminal fluid.
Because L.K. was unable to identify her attacker, the case remained unsolved for years. In March 2004, the Louisiana State Police Crime Laboratory received a grant that provided the funds needed to perform DNA testing in older, unsolved cases. The samples collected during L.K.'s rape examination in 1985 were sent to an out-of-state laboratory for testing, and a DNA profile was generated from the seminal fluid. The defendant was identified as the contributor of the seminal fluid. A forensic DNA expert explained that the probability of the seminal fluid being that of someone other than the defendant was 1 in 137 trillion.
At trial, the defendant testified on his own behalf. He denied breaking into L.K.'s residence and raping L.K. He claimed L.K. invited him to her residence and they engaged in consensual sexual intercourse. The defendant claimed he entered and exited L.K.'s residence through the front door, not the window. He also denied possession of a weapon during the encounter.

SUFFICIENCY OF THE EVIDENCE COUNSELED ASSIGNMENT OF ERROR 1 & PRO SE ASSIGMENT OF ERROR 1
In these assignments of error, the defendant contends the state failed to present sufficient evidence to support the aggravated rape conviction. By counseled assignment, he argues that the evidence is insufficient to prove beyond a reasonable doubt that he possessed a dangerous weapon at the time of the rape. He claims L.K.'s testimony that he was armed with a box cutter is not credible and was likely suggested to her by the police. Thus, the defendant contends the evidence presented supports only a conviction of the lesser offense of forcible rape. In a supplemental pro se brief, the defendant argues there was insufficient evidence of penetration.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also LSA-C.Cr.P. art. 821; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988).
At the time of the instant offense, rape was defined in LSA-R.S. 14:41, in pertinent part, as follows:
Rape is the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person's lawful consent.
Emission is not necessary; and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
At the time of the instant offense, the crime of aggravated rape was defined in LSA-R.S. 14:42, in pertinent part, as follows:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act.
In the counseled assignment of error, the defendant in this case does not argue, as he did below, that his sexual encounter with L.K. was of a consensual nature. Nor does he argue that the evidence failed to prove that a rape actually occurred. The thrust of the defendant's counseled argument on appeal is that L.K.'s claim that he threatened her with a dangerous weapon is incredible and should not have been believed. He argues that the evidence presented supports only a conviction of forcible rape. With this assignment, the defendant appears to concede that actual sexual intercourse, i.e., penetration, occurred. However, in his supplemental pro se sufficiency assignment of error, the defendant argues there was no evidence of penetration.
We have reviewed the record, and contrary to the defendant's assertions, we find that there is sufficient evidence to support the conviction. At the trial of this matter, Officer Smith testified that during the initial investigation of the matter, L.K. stated that the perpetrator held a sharp object to her neck. She stated that the object was, "more than likely a box cutter." L.K. testified that the perpetrator placed a blade, which she thought was a box cutter, to her neck. She explained, "I felt like a knife, like the end of like this  like a box cutter knife, like the tip like this (indicated)." L.K. was unequivocal in her claim that a weapon was used. She denied that it could have been the perpetrator's fingernails, explaining that she felt the cold metal against her skin.
On the issue of penetration, L.K. testified that at the time of the offense, she was on her monthly cycle and had a tampon in place. She advised the defendant of her condition and pleaded with him not to rape her. The defendant "snatched the tampon out and said, `Shut up, bitch. We all got to bleed.'" L.K. testified that once the tampon was removed, the defendant proceeded to rape her. Just as with her testimony regarding the use of a weapon, L.K. unequivocally testified that the defendant penetrated her with his penis. Counsel specifically asked, "[d]id he penetrate you with his penis?" L.K. nodded her head and replied, "[y]es, ma'am."
As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Houston, 98-2658, p. 5 (La.App. 1 Cir. 9/24/99), 754 So.2d 256, 259; State v. Johnson, 99-0385, pp. 9-10 (La.App. 1 Cir. 11/5/99), 745 So.2d 217, 223, writ denied, XXXX-XXXX (La. 11/13/00), 774 So.2d 971; State v. Duncan, 98-1730, p. 18 (La.App. 1 Cir. 6/25/99), 738 So.2d 706, 717 ("A determination of the weight of the evidence is a question of fact, not subject to appellate review."). Thus, a reviewing court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. Mussall, 523 So.2d at 1311 ("Pine reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence."); State v. Juluke, 98-0341, p. 4 (La. 1/8/99), 725 So.2d 1291, 1293 (per curiam) ("Given this limited purpose [of the Jackson review], the Jackson standard does not serve as a vehicle for a reviewing court to second guess the rational credibility determinations of the factfinder at trial.").
Contrary to the defendant's assertion in his brief, the victim's testimony showed that the defendant was armed with a dangerous weapon, likely a box cutter, and threatened to use it if she did not submit to him. Thus, the victim was prevented from resisting the act because defendant was armed with a dangerous weapon or because of his threats of great and immediate bodily harm, accompanied by the apparent power of execution. See La. R.S. 14:42(A)(2) and (3). The victim's testimony also showed that the defendant penetrated her vagina with his penis. It is well settled that the testimony of the victim alone is sufficient to prove the elements of the offense. State v. Forbes, 97-1839, p. 5 (La.App. 1 Cir. 6/29/98), 716 So.2d 424, 427. Although the defendant argues the victim's account of the events was likely suggested by the police and should be discredited, the jury obviously found the victim credible and gave credence to her recollection of the events. The jury apparently found the defendant's claim of a consensual sexual encounter to be incredible. These credibility determinations will not be disturbed on appeal. The evidence presented herein established each and every element of the offense of aggravated rape.
Accordingly, after carefully reviewing the evidence, we believe a rational person, in this case, the jury, viewing the evidence in the light most favorable to the prosecution, could have concluded the state proved beyond a reasonable doubt all of the essential elements of aggravated rape. This assignment of error lacks merit.

INEFFECTIVE ASSISTANCE OF COUNSEL PRO SE ASSIGMENT OF ERROR 2
In his second pro se assignment of error, the defendant argues his trial counsel was ineffective in failing to sufficiently investigate all possible defenses. Specifically, he argues his counsel's failure to recognize that the evidence of penetration was lacking and his failure to consider this as a viable defense constituted deficient performance and had a direct effect on the outcome of his trial.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, if the record discloses the evidence needed to decide the issue of ineffective assistance of counsel and that issue is raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Williams, 632 So.2d 351, 361 (La.App. 1 Cir. 1993), writ denied, 94-1009 (La. 9/2/94), 643 So.2d 139.
To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 LEd.2d 674 (1984). In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 860 (La.App. 1 Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).
The defense urged at trial, through the defendant's own testimony, that the sexual intercourse was consensual. The fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel. State v. Folse, 623 So.2d 59, 71 (La.App. 1 Cir. 1993). Therefore, the defendant cannot now argue that this defense was unsuccessful and his counsel should have presented another defense, i.e., lack of penetration. Moreover, having already concluded that the evidence presented at the trial in this case sufficiently proved the element of penetration, defense counsel's failure to urge the defense suggested by the defendant clearly does not constitute deficient performance. This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The victim is referenced herein only by her initials. See LSA-R.S. 46:1844(W).