PER CURIAM.
 
 *
 

 |, The state charged defendant, David Gilbert Ardoin, by grand jury indictment with aggravated rape, in violation of La. R.S. 14:42(A)(4), and with aggravated incest, in violation of La. R.S. 14:78.1. The charges stemmed from allegations that he sexually abused M.C., a seven-year-old girl who had been living with defendant and his wife Trina from the time she was approximately six months old, although she spent weekends with Edward Flynn, whom she called her father, and her stepmother, Merdine Flynn, Edward’s wife. Edward Flynn is the brother of defendant’s wife, Trina, and is defendant’s brother-in-law. Defendant waived a jury and after trial before the Hon. David Ar-ceneaux in 2007, he was found not guilty of aggravated rape but guilty of aggravated incest. The trial court sentenced him to 10 years imprisonment at hard labor. On appeal, defendant asserted in his single assignment of error that the evidence at trial was insufficient to support the verdict for aggravated incest. The First Circuit agreed, |2vacated the conviction for aggravated incest, entered a judgment of guilty of molestation of a juvenile in violation of La. R.S. 14:81.2, and remanded for resen-tencing.
 
 State v. Ardoin,
 
 08-1504 (La.App. 1st Cir.2/13/09), 6 So.3d 237. We granted the state’s application to review that decision and now reverse and remand the case to the court of appeal for further consideration.
 

 In his reasons for verdict, Judge Arcen-eaux found, based on the testimony of M.C., that defendant on at least one occasion over the summer of 2006 pulled down M.C.’s panties, placed his face between her legs, and licked her vaginal area when they were living together in a trailer in Gibson, Louisiana. However, the judge was not persuaded that defendant “actually placed his mouth or his tongue on her vagina,” and so acquitted defendant of aggravated rape in violation of La. R.S. 14:42(A)(4)(oral sexual intercourse when the victim is under the age of 13 years). On the other hand, Judge Arceneaux found that evidence defendant had licked M.C. in her vaginal area would have supported verdicts for molestation of a juvenile and indecent behavior with a juvenile and therefore supported a finding that he had committed some of the proscribed sexual
 
 *1067
 
 acts enumerated in R.S. 14:78.1(B) as essential elements of the offense of aggravated incest.
 

 Judge Areeneaux made three other critical determinations in support of his verdict that defendant had committed the crime of aggravated incest. First, he specifically found that the evidence at trial supported a determination that M.C. is the biological daughter of Edward Floyd, the brother of Trina Ardoin, which made M.C. the niece of Trina. Second, because Trina is the sister of Edward Floyd, and the aunt of M.C., Judge Areeneaux found “that ... Mr. Ardoin, the husband of Trina, [is] the uncle of M.C. by marriage.” Third, the evidence also established that defendant was fully aware of the nature of his relationship with M.C. over the | .¡course of the seven years that M.C. lived with him and Trina. Judge Areeneaux thus concluded that the state’s evidence satisfied the definition of aggravated incest in La. R.S. 14:78.1(A),
 
 ie.,
 
 that the offender engaged in the proscribed sexual acts enumerated in subsection “B” of the statute (including molestation of a juvenile and indecent behavior with a juvenile), when the victim is under the age of 18 years and known to the offender to be related to him “as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.” “The statute does include relations that are biological, step, or adopted,” the court noted, “and, of course, the only way you can be related as a relative who is a ‘step’ is by marriage. That’s how you become a step-relative.”
 

 On appeal, defendant argued that the state’s evidence did not support a finding that Edward Flynn is the biological father of M.C. and that the evidence thus failed to prove the requisite biological, step, or adoptive relationship between offender and victim for purposes of La. R.S. 14:78.1(A). However, the court of appeal reversed his conviction for aggravated incest on another basis which the court considered subsumed in defendant’s challenge to the sufficiency of the evidence.
 
 Ardoin,
 
 08-1504, p. 4, n. 1, 6 So.3d at 240. The First Circuit panel found that, even assuming M.C. is the biological daughter of Edward Flynn, the brother of Trina Ardoin and defendant’s brother-in-law, defendant is, as Judge Ar-eeneaux described him, not the biological uncle of M.C., but an uncle by marriage. While M.C. “would, therefore, be the defendant’s niece by marriage,” the court of appeal concluded that “the defendant cannot properly be regarded as M.C.’s step-uncle.”
 
 Ardoin,
 
 08-1504, p. 4, 6 So.3d at 240. The court of appeal |4panel added that “even if Edward were not the biological father of M.C. the defendant would still not be the biological, step, or adoptive relative of M.C.”
 
 Id.
 

 The court of appeal erred in its analysis. Louisiana divides the crime of incest into two categories. Incest, as a matter of La. R.S. 14:78, is a crime involving consanguinity,
 
 ie.,
 
 the offender and victim are related by blood, although it “is immaterial whether the parties of the act are related to one another by the whole or half blood.” On the other hand, because aggravated incest encompasses not only biological and adoptive relationships but also step relationships, the crime is one of both consanguinity and affinity.
 
 See Black’s Law Dictionary
 
 1413 (6th ed.1990)(the word “step-” “[w]hen used as [a] prefix in conjunction with a degree of kinship, is repugnant to [a] blood relationship, and is indicative of a relationship by affinity.”);
 
 Black’s Law Dictionary
 
 67 (9th ed.2009)(affinity is “[t]he relationship that one spouse has to the blood relatives of the other spouse; relationship by marriage.”). A person is therefore a relative by affinity: “(1) to any blood or adoptive
 
 *1068
 
 relative of his or her spouse, and (2) to any spouse of his or her blood and adopted relatives.”
 
 Id.
 
 at 1402. As explained in 2 Charles E. Torda,
 
 Wharton’s Criminal Law,
 
 § 242, p. 573 (15th ed.1994):
 

 The doctrine of affinity grew out of the canonical maxim that the husband and wife are one. It is the relationship which arises, in consequence of marriage, between one spouse and the blood relatives of the other. Thus, the husband stands in the same degree of affinity to his wife’s blood relatives as she stands to them by consanguinity, and vice versa.
 

 Thus, the word “niece” describes “[t]he daughter of a person’s brother or sister; sometimes understood to include the daughter of a person’s brother-in-law or sister-in-law.”
 
 Black’s Law Dictionary
 
 1143 (9th ed.2009);
 
 see also Webster’s Third New International Dictionary
 
 1526 (2002)(defining “niece” as a daughter of one’s brother, sister, brother-in-law or sister-in-law.). Previous versions of
 
 Black’s
 
 defined the term “uncle” simply as the “brother of one’s father or mother.”
 
 See, e.g., Black’s Law Dictionary
 
 1694 (4th ed.1951). More recent versions of
 
 Black’s
 
 do not define the term but
 
 Webster’s Third New International Dictionary
 
 2485 (2002) defines “uncle” as the brother of one’s father or mother or “the husband of one’s aunt.” Thus, assuming that M.C. is the biological daughter of Edward Flynn, then Trina Ardoin, Edward’s sister, is M.C.’s aunt by consanguinity, and defendant, as the husband of Trina and the brother-in-law of Edward, is M.C.’s uncle by affinity.
 

 The First Circuit panel is correct that defendant is not M.C.’s step-uncle by virtue of a consanguine. relationship with Merdine Flynn, Edward Flynn’s wife and M.C.’s stepmother,
 
 i.e.,
 
 he is not the brother of Merdine Flynn and therefore not the step-uncle of her stepdaughter by virtue of Merdine’s marriage to Edward.
 
 Cf. Webster’s New Third International Dictionary
 
 2237 (2002) (when used to denote relation by affinity, “step-” means “related by virtue of remarriage (as of a parent) and not by blood.”). However, as the court of appeal acknowledged, it clearly appears that defendant is M.C.’s uncle by virtue of his marriage to M.C.’s aunt, the sister of his brother-in-law and M.C.’s blood relative. While the provisions of the Criminal Code “cannot be extended by analogy so as to create crimes not provided for,” they “shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” La. R.S. 14:3. We agree with Judge Arceneaux that by including step-relationships within the ambit of Louisiana’s aggravated incest statute, the legislature plainly meant to encompass relationships of affinity within a family arising from the marriages or remarriages of blood relatives including blood parents and siblings.
 
 Cf. Heikkila v. State,
 
 352 Ark. 87, 98 S.W.3d 805, 807-08 (2003) (“[S]exual activity in step-relationships is equally disruptive of the family as would be sexual activity between blood relations.”).
 

 Accordingly, we vacate the decision below. Defendant urges this Court to conduct an independent review of the record to resolve (in his favor) the question of whether the state proved that M.C. is, in fact, the biological daughter of Edward Flynn, who did not testify at trial. However, the court of appeal did not address this aspect of his argument and the issue is therefore not properly before us at this time. Therefore, we remand this case to the court of appeal for reconsideration of defendant’s sufficiency claim consistent with the views expressed herein.
 

 
 *1069
 
 COURT OF APPEAL DECISION REVERSED; CASE REMANDED.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.