GUIDRY, J.
li>The defendant, William J. Graham, was charged by amended grand jury indictment with one count of aggravated incest of a victim under thirteen years of age, a violation of La. R.S. 14:78.1, and pled not guilty. Following a jury trial, he was found guilty by unanimous verdict of the responsive offense of molestation of a juvenile, a violation of La. R.S. 14:81.2. He was sentenced to fifty years at hard labor, with twenty-five years of the sentence to be served without benefit of probation, parole, or suspension of sentence. He moved for reconsideration of sentence, but the motion was denied. He now appeals, challenging: the sufficiency of the evidence; the admission of the recorded statement of the victim into evidence; the responsiveness of the verdict to the charge; and the sentence as excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
In October of 2007, the victim, R.B.,[1] her twin sister, J.B., and their mother, K.G., moved into the home of W.G., the father of the defendant, in Mandeville. The defendant also lived in the home. On October 12, 2008, K.G. and W.G. married each other.
On January 17, 2009, R.B. was four years old, and the defendant was nineteen years old. On that date, while bathing the *605 victim, KG. reminded her, “[r]emember we don’t ever let anybody touch us down there. It’s our private places.” The victim replied, “[w]ell, Justin does.” She further stated, “[w]ell, [the defendant] tells me to take my pants and my underwear down and he checks me for tee-teeing. He sticks his hands way back here and it hurts.” The next day, W.G. asked the defendant’s mother and her husband to come to his home, where they, |Ralong with K.G. and W.G., confronted the defendant concerning the victim’s allegations. The defendant initially claimed he had done “nothing.” He then stated, “had he done it, he would have pushed it so far back in his memory that he wouldn’t have tried to remember.” Thereafter, he stated, “[w]ell, maybe I did do it, but I just touched her on the outside, that’s all that I did.”
On February 2, 2009, the victim made a recorded statement concerning the offense. Referencing the defendant, the victim asked the interviewer, “[d]o you know where he sticks his finger at?” The victim then gestured to the area between her legs, stating, “[i]n me. It didn’t go inside my blood.” Thereafter, the victim identified the vagina on a sketch of a girl as the “pee pee” and stated the defendant had put his finger on her “pee pee.” She indicated the defendant had put his finger on her skin and it was “not okay.” She stated the incident happened on just one occasion in the defendant’s bedroom. Preceding the incident, she indicated the defendant pulled her clothes down. When asked if the defendant touched the inside or the outside of her skin, she stated, “outside.” However, when asked to demonstrate what had occurred with anatomically correct dolls, the victim indicated the defendant had put his finger inside her vagina. She stated “[i]t hurt a little.” When asked if the defendant had done this to anyone else, the victim indicated the defendant had “stuck his finger” on her stepbrother and the defendant’s half-brother’s “pee pee,” “right inside his blood,” to which her stepbrother said, “Stop.”
On March 12, 2018, the victim was called to the stand at trial. At that time, she was nine years old. She had no idea why she was in court and did not recognize the defendant in court. She also did not remember what had occurred when she was four years old and did not remember giving a recorded statement.
^SUFFICIENCY OF THE EVIDENCE
In assignment of error number 1, the defendant argues the evidence was insufficient on the elements of whether a lewd or lascivious act occurred, whether he had a specific intent to arouse or gratify the sexual desires of himself or the victim, and whether he had control or supervision over the victim.
The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana’s circumstantial evidence test, which states in part, “assuming every fact to be proved that the evidence tends to prove, in order to convict,” every reasonable hypothesis of innocence is excluded. La. R.S. 15:438; State v. Wright, 98-0601, p. 2 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La.10/29/99), 748 So.2d 1157 and 00-0895 (La.11/17/00), 773 So.2d 732.
When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evi *606 dence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 98-0601 at p. 3, 730 So.2d at 487.
Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the [¡¡sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age is not a defense. La. R.S. 14:81.2(A) (prior to renumbering by 2011 La. Acts, No. 67, § 1).
Thus, in order to commit molestation of a juvenile, the offender must possess the specific intent of arousing or gratifying the sexual desires of himself or the child upon whose person he committed a lewd or lascivious act or in whose presence he committed such an act. However, specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Babin, 93-1361, p. 4 (La.App. 1st Cir.5/20/94), 637 So.2d 814, 817-18, writ denied, 94-1563 (La.10/28/94), 644 So.2d 649, abrogated on other grounds, State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001). Specific criminal intent is that “state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Specific intent is an ultimate legal conclusion to be resolved by the fact finder. State v. Henderson, 99-1945, p. 3 (La.App. 1st Cir.6/23/00), 762 So.2d 747, 751, writ denied, 00-2223 (La.6/15/01), 793 So.2d 1235.
A lewd and lascivious act is an act that is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner. See State v. Jones, 10-0762, p. 4 n. 1 (La.9/7/11), 74 So.3d 197, 200 n. 1.
The defendant argues the evidence proved no more than he “possibly touched [the victim’s] private area on one occasion when checking to see if she Rhad urinated.” However, the verdict rendered against the defendant indicates the jury rejected the defense theory that the defendant touched the victim’s vagina only to see if she had urinated on herself and credited the evidence indicating that the touching of the victim’s vagina (in a manner that caused her pain) was a lewd and lascivious act committed with the specific intent to arouse or gratify the sexual desires of the defendant or the victim.
When a case involves circumstantial evidence, and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. See State v. Moten, 510 So.2d 55, 61 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La.1987). No such hypothesis exists in the instant case. Further, as the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. John *607 son, 99-0385, p. 9 (La.App. 1st Cir.11/5/99), 745 So.2d 217, 223, writ denied, 00-0829 (La.11/13/00), 774 So.2d 971. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder’s determination of guilt. State v. Glynn, 94-0332, p. 32 (La.App. 1st Cir.4/7/95), 653 So.2d 1288, 1310, writ denied, 95-1153 (La.10/6/95), 661 So.2d 464. Additionally, in reviewing the evidence, we cannot say that the jury’s determination was irrational under the facts and circumstances presented to them. See State v. Ordodi, 06-0207, p. 14 (La.11/29/06), 946 So.2d 654, 662. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. See State v. Calloway, 07-2306, pp. 1-2 (La.1/21/09), 1 So.3d 417, 418 (per curiam).
We also reject the defendant’s argument that the evidence was insufficient to 17prove he was in a position of control or supervision over the alleged victim. The evidence at trial indicated the incident occurred when the defendant was alone with the victim, his stepsister, in his bedroom. The defendant’s theory that he touched the victim’s vagina to see if she had urinated on herself indicates he was supervising his younger sibling at the time of the offense. See State v. A.B.M., Jr., 10-648, pp. 7-8 (La.App. 3d Cir.12/8/10), 52 So.3d 1021, 1026 (defendant had control or supervision over the victim, his biological daughter who did not live with him, when he had been asked to care for her and no other adult was present, so he was required to supervise the victim).
The defendant’s reliance on State v. Forbes, 97-1839 (La.App. 1st Cir.6/29/98), 716 So.2d 424, is misplaced. In that case, the defendant gained access to the victim in her grandmother’s home because he was a friend of a man who resided in the home. Forbes, 97-1839 at p. 2, 716 So.2d at 426. Additionally, in Forbes, the victim, who was seven years old at the time of the incident, testified that, at her grandmother’s home, her grandmother was the boss, and the defendant did not babysit her and could not tell her what to do. Forbes, 97-1839 at pp. 2, 7, 716 So.2d at 426, 428.
This assignment of error is without merit.
RECORDED STATEMENT OF VICTIM
The defendant combines assignments of error numbers 2 and 3 to argue the recorded statement of the victim should not have been admitted into evidence because the victim had no memory of the incident.
Louisiana Revised Statute 15:440.5, in pertinent part, provides:
A. The videotape of an oral statement of the protected person made before the proceeding begins may be admissible into evidence if:
[[Image here]]
|s(8) The protected person is available to testify,
During a recess following the victim’s testimony, the defense moved to exclude the victim’s recorded statement, arguing she was unavailable to testify due to her lack of memory of the incident. The State disagreed, arguing the victim was available because she was present in court, and the jury would decide whether she was competent when she made her recorded statement. The trial court overruled the defense objection, noting that under State v. Kennedy, 05-1981 (La.5/22/07), 957 So.2d 757, rev’d on other grounds, 554 U.S. 407, 128 S.Ct. 2641,171 L.Ed.2d 525 (2008), and California v. Green, 399 U.S. 149, 90 S.Ct. *608 1930, 26 L.Ed.2d 489 (1970), there was no confrontation clause violation in admitting a prior recorded statement of a witness, where the witness was produced at trial, even when the witness had a complete lack of memory of the prior events.
There was no error. Green involved review of the ruling of the California Supreme Court that substantive use of prior inconsistent statements of a witness violated the confrontation clause, even though the statements were subject to cross-examination at a prior hearing. Green, 399 U.S. at 151-53, 90 S.Ct. at 1931-32. The court in Green declined to address the issue of whether a lapse in a witness’s memory could so affect a defendant’s right to cross-examination as to violate the confrontation clause, but did note:
But as a constitutional matter, it is untenable to construe the Confrontation Clause to permit the use of prior testimony to prove the State’s case where the declarant never appears, but to bar that testimony where the declarant is present at the trial, exposed to the defendant and the trier of fact, and subject to cross-examination. As in the case where the witness is physically unprodu-cible, the State here has made every effort to introduce its evidence through the live testimony of the witness; it produced Porter at trial, swore him as a witness, and tendered him for cross-examination. Whether Porter then testified in a manner consistent or inconsistent with his preliminary hearing testimony, claimed a loss of memory, claimed his privilege against compulsory self-incrimination, or simply refused | ato answer, nothing in the Confrontation Clause prohibited the State from also relying on his prior testimony to prove its case against Green.
Green, 399 U.S. at 166-68, 90 S.Ct. at 1939-40 (emphasis added).
In Kennedy, 05-1981 at pp. 24-28, 957 So.2d at 775-78, the defendant argued the admission into evidence of a videotaped statement of the victim violated the Confrontation Clause because she was unavailable for cross-examination due to lack of memory. The court in Kennedy, initially noted that under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and Green, when the declarant appears at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. Kennedy, 05-1981 at p. 26, 957 So.2d at 777. The Kennedy court rejected the argument that the victim’s poor memory rendered her unavailable for cross-examination despite her physical presence on the stand, noting the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish. Kennedy, 05-1981 at pp. 27-28, 957 So.2d at 777; see also United States v. Owens, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988) (“[an opportunity for effective cross-examination] is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief. It is sufficient that the defendant has the opportunity to bring out such matters as the witness’ bias, his lack of care and attentiveness, his poor eyesight, and even (what is often a prime objective of cross-examination, ... ) the very fact that he has a bad memory.”), and Green, 399 U.S. at 157-58, 90 S.Ct. at 1935 (wherein the Court reiterated that the primary object of the Confrontation Clause is to allow “personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the | mwitness, but of compelling him to stand face to face with the jury in order that they may look at him, and *609 judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of be-/ie/'.”)(emphasis added).
Moreover, the forensic interviewer, Jo-Beth Rickets, and the victim’s mother, K.G., also testified concerning the victim’s allegations against the defendant, and the defense fully cross-examined both of these witnesses concerning the allegations.
These assignments of error are without merit.
NONRESPONSIYE VERDICT
The defendant combines assignments of error numbers 2 and 4 to argue that molestation of a juvenile was not a lesser and included offense of aggravated incest in this case, because in order to be guilty of molestation of a juvenile, the offender has to commit the offense by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by use of influence by virtue of a position of control or supervision over the juvenile, whereas aggravated incest has no requirement of a position of control or supervision.
Louisiana Code of Criminal Procedure article 815, in pertinent part, provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
At the time of the offense, La. R.S. 14:78.1, in pertinent part, provided:
|nA. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
(2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desirés • of either the child, the offender, or both.
C. Consent is not a defense under this Section. [Emphasis added.]
A lesser included offense is one composed of some, but not all, of the elements of the greater crime and which does not have any element not included in the greater offense. State in Interest of Pigott, 413 So.2d 659, 664 (La.App. 1st Cir.1982). Molestation of a juvenile is listed as one of the prohibited acts in the definition of aggravated incest. Consequently, by virtue of the offense being included as a prohibited act, aggravated incest thereby includes all of the elements of the offense of molestation of a juvenile; thus, molestation of a juvenile does not have any element not included in aggravated incest. See State v. Ardoin, 08-1504, p. 5 (La.App. 1st Cir.2/13/09), 6 So.3d 237, 241, rev’d on other grounds, 09-0578 (La.5/11/10), 35 So.3d 1065.
*610 These assignments of error are without merit.
EXCESSIVE SENTENCE
In assignment of error number 5, the defendant argues that the sentence the trial court imposed is unconstitutionally excessive because the record does not establish his sentence was individualized.
ligThe Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. La. C. Cr. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868, p. 10 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, 00-3053 (La.10/5/01), 798 So.2d 962. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown in the record. State v. Harper, 07-0299, p. 15 (La.App. 1st Cir.9/5/07), 970 So.2d 592, 602, writ denied, 07-1921 (La.2/15/08), 976 So.2d 173.
Louisiana Constitution Article I, Section 20 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 99-2868 at pp. 10-11, 797 So.2d at 83.
Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of 113the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:81.2(E)(1) (prior to renumbering by 2011 La. Acts, No. 67, § 1). The defendant was sentenced to fifty years at hard labor, with twenty-five years of the sentence to be served without benefit of probation, parole, or suspension of sentence.
At sentencing, the trial court noted, under La. C. Cr. P. art. 894.1, it had to consider the risk of recidivism, the nature of the charge, the fact that the defendant may be in need of correctional treatment, or need to be placed in an environment that can provide the most effective method for treatment and protection of the public, and that a lesser sentence would deprecate the seriousness of the offense. The court set forth it considered the age of the victim and the age of the defendant in determining an appropriate sentence. The court found neither the maximum sentence of ninety-nine years nor the minimum sentence of twenty-five years, effectively served justice in the case.
A thorough review of the record reveals the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. See La. C. Cr. P. art. *611 894.1(A)(1), (A)(2), (A)(3), (B)(2), (B)(21), and (B)(33). Further, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. The victim and her family are referenced herein only by their initials. See La. R.S. 46:1844(W).