# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-453

STATE OF LOUISIANA

VERSUS

J.M.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11735-03
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese,
Judges.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

John F. DeRosier
District Attorney
Carla S. Sigler
Stephanie Cochran
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA   70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
         State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, LA   70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
         J.M.

AMY, Judge.

The defendant, J.M.,[1] was convicted of two counts of aggravated incest in violation of La.R.S. 14:78.1 and one count of attempted aggravated incest in violation of La.R.S. 14:27 and La.R.S. 14:78.1. His convictions were affirmed on appeal in *State v. J.M.*, 06-624 (La.App. 3 Cir. 11/2/06), 941 So.2d 686. However, the defendant's sentences were vacated, and the matter was remanded to the trial court for resentencing because the record was unclear as to whether the sentences were to run concurrently or consecutively.

On remand, the defendant was sentenced to serve ten years in the custody of the Department of Corrections for each count of aggravated incest, with six years suspended. For the attempted aggravated incest conviction, the defendant was sentenced to five years with the Department of Corrections, three years of which were suspended. All sentences were ordered to run consecutively. Furthermore, upon his release from incarceration, the defendant will be placed on supervised probation for five years on each count, with that time to run concurrently.

Following the denial of his motion for reconsideration, the defendant filed this appeal, arguing the excessiveness of his sentence. For the following reasons, we affirm and remand with instructions.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent and an error in the minutes of resentencing.

---

[1] Pursuant to La.R.S. 46:1844, the initials of the defendant have been used.

We note that the trial court failed to impose the conditions of probation pursuant to La.R.S. 15:538. That statute requires that certain probation conditions be imposed in order for a sexual offender to be eligible for probation. These conditions include limitations on business and volunteer work activities, limitations on a defendant's proximity to certain facilities, and in certain circumstances, mandatory treatment plans. Because probationary conditions are not valid unless imposed by the trial court, we remand the case and instruct the trial court to impose the applicable conditions of probation mandated by La.R.S. 15:538. *See State v. Fontenot*, 06-226 (La.App. 3 Cir. 7/12/06), 934 So.2d 935.

Additionally, the minutes of the resentencing hearing do not state that the trial court denied the defendant diminution of sentence for good behavior. Therefore, the trial court is instructed to amend the minutes of resentencing to reflect that diminution of sentence for good behavior is not available on the defendant's sentences for aggravated incest and attempted aggravated incest.

*Excessive Sentence*

In his sole assignment of error, the defendant argues that his "sentences amount to the needless imposition of pain and suffering and should be considered constitutionally excessive." Specifically, he argues that his sentences should have been ordered to run concurrently rather than consecutively insofar as he is an "elderly man in poor health" and "has led a law abiding life with no past criminal history."

In *State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court articulated the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

2

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Pursuant to La.R.S. 14:78.1(D)(1), the penalty for aggravated incest is a fine of not more than fifty thousand dollars or imprisonment, "with or without hard labor, for a term not less than five years nor more than twenty years, or both." The penalty for attempted aggravated incest is a term of imprisonment not to exceed ten years. *See* La.R.S. 14:27(D)(3).

Louisiana Code of Criminal Procedure Article 883 provides: "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." In *State v. Brown*, 627 So.2d 192, 199-200 (La.App. 3 Cir. 1993), *writ denied*, 93-3101 (La. 3/18/94), 634 So.2d 850, this court stated that, "in cases involving offenders without [a] prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arise out of the same course of conduct."

However, the Louisiana Supreme Court explained in *State v. Walker*, 00-3200, p. 1 (La. 10/12/01), 799 So.2d 461, 461-62, that "a trial court retains the discretion to impose consecutive penalties in cases in which the offender's past criminality or

3

other circumstances in his background or in the commission of the crimes justify treating him as a grave risk to the safety of the community." When imposing a consecutive sentence, the "trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *State v. Hawkins*, 06-1599, p. 2 (La.App. 3 Cir. 5/2/07), 956 So.2d 146, 149 (quoting *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040), *writ denied*, 03-1917 (La. 6/25/04), 876 So.2d 823.

At the defendant's original sentencing hearing, the trial court found that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense. It was uncertain, however, whether the defendant would commit another offense during the period of a suspended sentence or probation.

The trial court set forth several aggravating factors. It found that the defendant's conduct manifested cruelty to the victims, as the victims indicated that they were placed in "scary" situations by someone they trusted. The trial court emphasized that not only did the defendant use "his position or status to facilitate the commission of the offense[s,]" he used his position of authority to attempt to perpetuate the victims' silence.[2] It noted that the victims were vulnerable due to their ages and that they experienced significant emotional distress and psychological scarring.

The trial court found some mitigating factors. It recognized that the defendant had no prior criminal record and that he would likely respond to probationary treatment. The trial court was also cognizant of the fact that the defendant was

---

[2] The victims were the defendant's granddaughters and step-granddaughter.

4

married for several years, had medical problems, and took care of his ailing mother and her husband.

The trial court stated that it imposed consecutive sentences because "there have been three individual victims that have been abused on different occasions[.]"

After hearing arguments from both sides at the resentencing hearing, the trial court explained:

> I did spend a lot of time, Mr. Rubin [defense counsel], on this, and I don't see any reason why I would deviate. I do understand that I may have misstated a couple of statements in order to make it indeterminate and I planned on clarifying that, but I do not plan on changing the sentence as was originally given.
>
> The Court would note originally in reference to Code of Criminal Procedure Article 883 that there were three separate individuals involved in this that had been abused or traumatized on different occasions, some involving more than one, sometimes individually; but because of those three separate individuals three separate sentences were imposed by the Court.

The trial court proceeded to sentence the defendant to the same terms of incarceration previously imposed and ordered the sentences to run consecutively.

After reviewing the record, we find that the defendant's sentences are not excessive. Even given the consecutive nature of the penalties imposed on all three counts, the defendant's total term of imprisonment only amounts to one-fifth of his potential maximum exposure for the offenses. Because the defendant received the same sentences previously imposed, we cannot say that the trial court did not consider the same mitigating factors. Nevertheless, considering the circumstances of the instant offenses, particularly, the ages of the victims, their relationship to the defendant, and the permanent effect that the offenses will have on them, we find that the trial court did not abuse its discretion in imposing sentence.

5

Nor do we find that the trial court abused its discretion in ordering that the defendant's sentences run consecutively insofar as there were three victims and the offenses occurred on different occasions. *See* La.Code Crim.P. art. 883 and *State v. H.B.*, 06-1436, p. 10 (La.App. 3 Cir. 4/4/07), 955 So.2d 255, 262 (wherein this court found that the trial court did not abuse its discretion in imposing consecutive sentences where "each of the three charged offenses all had separate victims and that the abuse forming the basis of the charge happened on at least three different dates and time periods").

Accordingly, this assignment has no merit.

## DECREE

For the above reasons, the defendant's sentences are affirmed. We remand the case to the trial court with the instruction that the court impose the applicable conditions of probation mandated by La.R.S. 15:538. The trial court is also instructed to amend the minutes of resentencing to reflect that diminution of sentence for good behavior is not available.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**