BROWN, Chief Judge.
h Defendant, Johnny Preston Stephens, Jr., was charged by bill of information with three counts of aggravated incest. Pursuant to a plea agreement, defendant pled guilty to one count of aggravated incest, another count was reduced to molestation of a juvenile, and the third charge was nolle prossed. The trial court subsequently imposed the maximum sentence in each case, 20 years at hard labor for aggravated incest and 10 years at hard labor for molestation of a juvenile with the sentences to run consecutively. A timely motion for reconsideration of sentence was denied and this appeal followed. For the following reasons, we affirm defendant’s convictions and sentences.

*147
Facts

In January 2006, the father of three young girls reported to police that his daughters had been sexually assaulted by their step-grandfather, Johnny Stephens, Jr. According to the father of the girls, defendant fondled the oldest child (14 years old) and the youngest child (7 years old). The middle child denied ever having been touched by defendant. During the course of the investigation of the crime, the victims’ mother was contacted. The victims’ mother informed police that her sister had also been abused by defendant.
Following up on this information, police interviewed this victim, who reported that defendant began abusing her shortly after moving in with her and her mother in 1998. When the victim was 15 or 16 years old, she became pregnant with defendant’s child. At defendant’s insistence, the pregnancy was aborted. Protestations of the abuse were ignored by the ^victim’s mother (who by this time was defendant’s wife). The abuse continued from 1999-2001, which is when the victim moved from the home to live with her sister.
In a statement to the police, defendant admitted that he had sexual intercourse with his stepdaughter which he alleged began when she was 16 years old. According to defendant, the victim was curious about sexual matters and he believed their acts to be consensual. Defendant denied abusing his two step-granddaughters in any way. As a result of the investigation, defendant was arrested for three counts of aggravated incest.

Discussion

Defendant contends that the trial court erred in failing to find or consider any mitigating factors in determining the sentences in these consolidated cases. He also alleges that the sentences imposed are excessive.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La.App.2d Cir.08/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and therefore is given broad discretion in sentencing. State v. Cook, 95-2784 (La.05/31/96), 674 So.2d 957, cert, denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not | ¡¡determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
The record shows that the trial court considered the appropriate factors in determining defendant’s sentences. During an on-the-record review of the pre-sen-tence investigation report, the trial court discussed defendant’s background, including his age, family ties, employment history, and criminal history. The court noted that the 51-year-old defendant was a college graduate and a former band director for Bossier Parish Community College who worked various jobs throughout his employment history. Defendant was found to be a third felony offender with prior convictions for possession of cocaine and sexual battery. Significantly, the sexual battery charges were originally billed as aggravated rape and involved two acts of anal intercourse with defendant’s then 10-year-old stepson.[1] The court observed *148 that defendant spent time in prison for these offenses and was paroled three times on the charges. Twice his parole was revoked and he was returned to custody. Apparently defendant was on parole when he began the sexual exploitation of his stepdaughter. The trial court, contrary to defendant’s assertion, was not required to give any factor more weight, including defendant’s current health conditions and/or the length of time between the current offenses and his previous felony convictions.
As for constitutional excessiveness, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and |4suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dortkey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La. App.2d Cir.01/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
In the instant case, defendant, a third felony offender (and repeat sex offender), received a substantial benefit by gaining a reduction in his potential sentencing exposure by way of his plea agreement. Defendant’s potential sentencing exposure was three maximum terms of 20 years had he been convicted of all of the offenses with which he was charged. In light of the facts of this case, we find no constitutional error in the trial court’s imposition of consecutive terms of 20 years at hard labor on the aggravated incest charge and 10 years on the molestation charge Defendant had a pattern of abusing his young victims after establishing relationships with the children’s mothers. The instant offenses are even more egregious when his prior conviction for the same type of activity is considered.

Conclusion

For the reasons set forth above, defendant’s convictions and sentences are AFFIRMED.

. This was from an earlier marriage and is not related to the children involved in the present case.