# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1286


**STATE OF LOUISIANA**

**VERSUS**

**WALTER URENA**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 309,898
HONORABLE JAMES H. BODDIE, JR., DISTRICT JUDGE, AD HOC

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO AND THREE VACATED; AND REMANDED FOR RESENTENCING.**

**James C. Downs**
**District Attorney**
**Monique Yvette Metoyer**
**Assistant District Attorney**
**Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Dmitrc Ian Burnes**
**Burnes & Burnes**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 448-0482**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Walter Urena**

**EZELL, Judge.**

Defendant, Walter Urena, was charged with six counts of aggravated incest, violations of La.R.S. 14:78.1. Count one involved one victim. The remaining counts involved a second victim. A jury trial commenced on February 5, 2013, and, on February 7, 2013, the jury acquitted Defendant of count one and found him guilty as charged on the remaining five counts. On June 8, 2013, Defendant filed a "Motion for New Trial" and a "Motion for Arrest of Judgment." Both motions were heard and argued on July 29, 2013, following which both motions were denied. After waiving all delays, Defendant was sentenced on the same date to twenty years at hard labor on counts two and three, to be served consecutively; and ten years at hard labor each on the remaining counts, to be served concurrently with each other and with the two consecutive twenty-year sentences, for a total term of imprisonment of forty years.

Defendant timely filed a motion to reconsider sentence. The motion was denied without a hearing but with written reasons.

Defendant has perfected a timely appeal, wherein he alleges:

1. The state presented insufficient evidence at trial to support the verdicts of guilty returned by the jury on Counts Two, Three, Four, Five and Six. Further, the trial court erred when it denied Defendant's *Motion For New Trial* which was based, in part, on this issue.

2. The trial court erred when it denied defendant's motion at the close of the state's evidence for a directed verdict of not guilty with respect to Count One.

3. The Defendant was subjected to double jeopardy in violation of his rights under the United States Constitution and the Louisiana Constitution when neither the Indictment nor the evidence presented at trial established five separate, independent and distinct acts to support the five verdicts, convictions and sentences. Further, the trial court erred when it denied Defendant's *Motion For Arrest of Judgment* which was based, in part, on this issue.

4. The Indictment omitted an essential averment in Counts Two through Six such as they did not charge the crime of aggravated incest and therefore, the indictment can not serve as a basis for valid sentences. Further, the trial court erred when it denied Defendant's *Motion For Arrest of Judgment* which was based, in part, on this issue.

5. The Defendant was tried by a jury composed of twelve jurors on Counts Two through Six, contrary to the statutory requirement that the jury consist of six jurors. Further the trial court erred when it denied Defendant's *Motion For Arrest of Judgment* which was based, in part, on this issue.

6. The trial court imposed an excessive sentence, both in total magnitude and with respect to Defendant receiving maximum sentences, consecutive to each other, on Counts Two and Three. Further, the trial court erred when it denied Defendant's *Motion to Reconsider Sentence Pursuant to C.Cr.P. Art. 881.1* which was based on these issues.

For the following reasons, we find there is no merit to assignments of error numbers one through five. However, we find merit to Defendant's assignment of error number six, resulting in the sentences imposed on counts two and three being vacated and the matter being remanded to the trial court.

## FACTS

Between the dates of January 1, 1998, and December 31, 2004, Defendant committed the offenses of molestation of a juvenile and/or sexual battery and/or indecent behavior with a juvenile against his step-daughter.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE

Defendant argues that the evidence did not support the convictions for aggravated incest. He argues he was convicted solely on the testimony of the victim, and there were insufficient specific details given to establish the elements of each count. Defendant raised this argument in his "Motion for New Trial," which was denied by the trial court.

A conviction based on insufficient evidence cannot stand as it violates Due Process. *See* U.S. Const. amend. XIV; La.Const. art. 1, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979).

In *State v. Ardoin*, 08-1504, p. 4 (La.App. 1 Cir. 2/13/09), 6 So.3d 237, 240, *reversed on other grounds*, 09-578 (La. 5/11/10), 35 So.3d 1065, the first circuit discussed the elements of aggravated incest, as follows:

> The State must prove several elements to establish the offense of aggravated incest. First, the State must show that the victim was under eighteen years of age. Second, the State must show that the offender knew that the victim was related to him within the specified degrees. The statute enumerates a list of relatives who may be victims of the offense and specifies that the offender must be aware of his relationship to the victim. Finally, the State must prove that the defendant has engaged in one of the prohibited acts with the victim. *See State v. Flores*, 27,736, p. 5 (La.App. 2 Cir. 2/28/96), 669 So.2d 646, 650.

In the current case, at the time the offenses were committed, aggravated incest was defined, in pertinent part, as follows:

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
>
> B. The following are prohibited acts under this Section:
>
> (1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.

3

La.R.S. 14:78.1.

In the indictment, the State specifically alleges as the prohibited offenses: "indecent behavior and/or molestation and/or sexual battery of a juvenile[.]" At the time of the offenses, indecent behavior with juveniles was defined as:

> [T]he commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.

La.R.S. 14:81(A).

In pertinent part, sexual battery was defined as:

> [T]he intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, where the offender who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
>
>     (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender[.]

La.R.S. 14:43.1(A).

Finally, molestation of a juvenile, in pertinent part, was defined as:

> [T]he commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

La.R.S. 14:81.2(A)

At trial, the following testimonies were relevant to the charges alleged in counts two through six. Lori Wileman, the victim's mother, testified that she was married to Defendant from 1999, until they divorced in 2010. She had two

4

children, S.L. and Defendant's son.[1] She stated she was never aware of any problems between Defendant and her daughter until July 2011, when a relative of Defendant came to her and asked if the victim had had any problems with Defendant. She asked S.L. later and was told that nothing sexual had occurred. However, approximately two weeks later, after Ms. Wileman was called to speak with the police regarding the first victim, S.L. told her mother that "things" had happened between her and her step-father. Ms. Wileman said that by this time, Defendant had already moved out of the house.

The victim, S.L., was nineteen years old at the time of trial. She recalled that Defendant had moved in with her mother when she was about five years old. Starting shortly thereafter, S.L. testified that he would touch her on the breast or vagina, over or under her clothes, or both. She stated it would happen either in her bed or on the couch in the living room. She testified it continued until junior high school; "[S]ometimes multiple times a week." She stated that when he was in bed with her, she was aware of his erect penis.

Although the victim stated she had told a friend about what was occurring when she was fifteen years old, she never told her mother or her father, whom she saw every other weekend, about Defendant's behavior. She testified that at first she did not say anything because she was afraid of where she and her mother would go. She explained that later, she knew what it was like not having a father around and was afraid if she complained, her baby brother would end up without a father also. She further explained that when she was older, she simply told him "no," and he left her alone. Finally, after her mother and Defendant divorced, she never said

---

[1] The victims' initials are used to protect their identities. La.R.S. 46:1844(W).

5

anything because he was gone, and she no longer had to deal with him. She further testified that he never threatened her in any way not to tell.

In *State v. Schexnaider*, 03-144, p. 9 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, 457 (quoting *State v. Williams*, 00-981, p. 7 (La.App. 5 Cir. 4/11/01), 786 So.2d 805, 810, *writ denied*, 01-1377 (La. 3/28/02), 812 So.2d 646), this court noted that "[t]he testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense." Additionally, "[t]he credibility of a witness, including the victim, is within the discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness." *Id*.

In brief, Defendant argues that "[a]ll in all, the inconsistent, contradictory, and unsupported testimony of S.L. was not credible and did not provide the evidence necessary to support verdicts of guilty on Counts Two through Six." Counts two through six were identical, each stating:

> IN THAT HE DID ON OR ABOUT AND BETWEEN THE 1st DAY OF JANUARY, 1998 AND THE 31ST DAY OF DECEMBER, 2004, commit indecent behavior and/or molestation and/or sexual battery of a juvenile, S.L., DOB 12/17/93, to whom he is related, in violation of R.S. 14:78.1[.]

Defendant argues that it was impossible for the jury to distinguish one offense from the other in order to determine whether he was guilty of any of the counts from the evidence given at trial.

The State could have questioned the victim with more specificity regarding the alleged events of sexual abuse. However, in denying Defendant's motion for new trial, which argued this same issue, the trial court stated:

6

Mr. Burns, I take it as arguing that the State has failed to introduce any of these forms of evidence and relied on the testimony of the victim alone, and the State explains in their response that the victim testified at length during the trial describing acts perpetrated upon her by the defendant on separate occasions that distinctly designate five separate, different, and distinct acts and occurrences.

To me it appears that this issue was fully explored at trial because as we know, jurors alone are the credibility determinationors [sic] when it comes to witnesses. They decide whom to believe and whom not to believe. So, this was left for the jury's evaluation in reaching their ultimate verdicts in this case. Therefore, I do not find that [sic] this argument to have merit.

While Defendant correctly states that there was no physical evidence to support the victim's testimony, he does not show where her testimony was inconsistent or contradictory. As noted above, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense absent internal contradiction or irreconcilable conflict with the physical evidence, and any credibility determination made by the trier of fact is normally not within the purview of the reviewing court. *State v. Watson*, 39,362 (La.App. 2 Cir. 4/20/05), 900 So.2d 325; *State v. Hotoph*, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, *writs denied*, 99-3477, 00-150 (La. 6/30/00), 765 So.2d 1062, 1066.

At trial, the victim testified that Defendant would touch her on her vagina or her breast, starting when she was five or six until she entered junior high school, either on the couch or in the bedroom, both with her clothes on and off. This occurred multiple times throughout the years.

It would not have been problematic for the jury to pick out five incidents of sexual abuse from the victim's testimony. Furthermore, any of the above enumerated offenses—sexual battery, molestation of a juvenile, or indecent behavior with a juvenile would comport with the allegations made by the victim. The victim was Defendant's stepdaughter and under his authority as a stepparent.

7

Defendant's actions were lewd or lascivious acts with intent to arouse or gratify the sexual desires of either person, with the touching of the genitals with any instrumentality, all without her consent. The evidence was sufficiently set out with the jury finding Defendant guilty of counts two through six beyond a reasonable doubt. There is no merit to Defendant's assertion that the evidence was insufficient to establish five distinct acts of aggravated incest.

Defendant further argues that because there was no evidence of each individual offense, he was subjected to double jeopardy when he was convicted of five separate offenses based on a single allegation of sexual touching. In *State v. Ramsdell*, 09-1510, pp. 10-11 (La.App. 3 Cir. 10/6/10), 47 So.3d 78, 85, this court discussed double jeopardy, in part, as follows:

> The Double Jeopardy provisions in the state and federal constitutions protect a defendant from both a second prosecution for the same offense and multiple punishments for the same criminal act. U.S. Const. amend. V; La. Const. art. 1, § 15; *State v. Doughty*, 379 So.2d 1088 (La.1980). . . . However, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be convicted and sentenced for each offense without violating the prohibition against double jeopardy. *State v. Williams*, 05-1338 (La.App. 3 Cir. 3/1/06), 924 So.2d 1159, *writ denied*, 06-1471 (La.12/15/06), 944 So.2d 1284.

Furthermore, Louisiana jurisprudence does not follow the "'same transaction' test which would prohibit prosecutions for different crimes committed during one sequential, continuing course of conduct." *State v. Letell*, 12-180, pp. 7-8 (La.App. 1 Cir. 10/25/12), 103 So.3d 1129, 1137, *writ denied*, 12-2533 (La. 4/26/13), 112 So.3d 838. Finally, in Louisiana, double jeopardy fails to protect an offender who violates numerous statutory provisions on a crime spree. *Id.*

Every time Defendant completed the act of touching the victim's vagina or breast, either on the couch or in her bed, over or under her clothes, it was a

separate and distinct act, whether it was sexual battery, indecent behavior with a juvenile, or molestation of a juvenile. As noted above, there was sufficient evidence to establish at least five distinct acts of Defendant sexually abusing the victim over a six-year period.

There is no merit to Defendant's argument that he was subjected to double jeopardy violations.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant argues that the trial court erred when it denied his oral motion for a directed verdict at the close of the State's case on count number one, which charged him with aggravated incest of the second victim, J.U. He argued that the evidence was insufficient to sustain a conviction for the reason that the victim, who was his brother's granddaughter and, therefore, his grand-niece, was not listed as a "relative" under the incest statute. The jury did acquit Defendant of the charge of aggravated incest of J.U. Now, Defendant argues that he was prejudiced by the trial court's ruling because "the request for the directed verdict was, in fact, correct."

However, a directed verdict is a procedural device used in civil cases. La.Code Civ.P. art 1810. Presumably, at trial, defense counsel meant to invoke La.Code Crim.P. art. 778 (emphasis added), a motion for acquittal, which provides in part:

> **In a trial by the judge alone** the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of the defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.

9

Whereas, the current case was tried by a jury, the trial court was not in error when it denied Defendant's motion for a directed verdict made at the close of the State's case.

In brief, the State argues that the issue is moot since Defendant was acquitted of the offense. Whether the matter is moot is academic since Defendant has failed to show that he was prejudiced by the trial court's denial of the motion. There were six counts of aggravated incest alleged. Count one involved one victim, and the remaining five counts involved a different victim. The victim of count one, J.U., testified that when she was approximately ten years old, Defendant hugged her from behind as she sat in a chair playing on a computer. He put his arms around her and one hand rested briefly on her breast area. She testified it made her uncomfortable. It is clear the jury found the evidence insufficient to sustain the allegation of molestation of a juvenile or indecent behavior with a juvenile on count one. Questions of sufficiency are within the purview of the finder of fact; accordingly, the trial court did not have the authority to dismiss the allegation of insufficiency of the evidence prior to the question going to the jury.

Defendant has failed to explain how the jury was tainted by the allegation of count one when considering the remaining counts. There is no merit to this assignment of error.

## ASSIGNMENT OF ERROR NUMBER FOUR

Defendant alleges that counts two through six of the indictment failed to charge the crime of aggravated incest in that it did not include an essential element of the crime; therefore, the indictment was defective. He further asserts that the trial court erred when it denied his "Motion for Arrest of Judgment" based on this allegation of error. Louisiana Code of Criminal Procedural Article 859(1) provides

10

that the court shall arrest the judgment when the indictment is substantially defective because an essential averment is omitted.

During argument on Defendant's Motion to Arrest Judgment, he asserted:

> In each of the six counts of that Bill of Information or Indictment in front of you, your Honor, when they talk about Mr. Urena at the end, they all end with "comma to whom he is related". Going back to the statute, the statute doesn't say this applies to people to whom you are related. In fact, the other statute, incest, they also have their list on there – what it applies to – aggravated incest, has what it's applied to. To whom he is related is not enough. That is not the element of this crime.

The requirements for the contents of a bill of indictment or information are provided in La.Code Crim.P. art. 464, which states:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

As noted above, the incest statute, in pertinent part, states that the victim is one "who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relative: Child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece." La.R.S. 14:78.1(A).

A defendant has a constitutional right to be advised, in a criminal prosecution, of the nature and cause of the accusations against him. La.Const. art. 1, § 13. The indictment must contain all the elements of the crime intended to be charged in sufficient particularity to allow the defendant to prepare for trial, to enable the court to determine the propriety of the evidence that is submitted upon the trial, to impose the appropriate penalty on a guilty verdict, and to protect the

11

defendant from double jeopardy. *State v. Comeaux*, 408 So.2d 1099 (La.1981). A defendant ordinarily cannot complain of the insufficiency of an indictment after verdict "unless it is so defective that it does not set forth an identifiable offense against the laws of this state, and inform the defendant of the statutory basis of the offense." *State v. Robicheaux*, 412 So.2d 1313, 1321 (La.1982).

While it is a little unclear what essential element was missing from the indictment, which is set out in verbatim in assignment of error number one above, Defendant is asserting that "to whom he is related" was not sufficient because the statute limited the scope to certain relationships, and the indictment did not specifically state that the victim was his "stepdaughter"; therefore, the indictment was defective. However, Defendant does not assert that he was unable to prepare for trial because of the alleged defect or show that he was prejudiced by the said defect. He was "related" to the victim by virtue of his marriage to her biological mother. *State v. Ardoin*, 09-578 (La. 5/11/10), 35 So.3d 1065. There is no merit to this assignment of error.

## ASSIGNMENT OF ERROR NUMBER FIVE

For his fifth assignment of error, Defendant argues that it was error for him to have been tried by a jury of twelve on counts two through six when, pursuant to La.Code Crim.P. art. 782, he should have been tried by a jury of six.

According to the indictment, the offenses charged in counts two through six occurred between 1998 and 2004. At the time of the offenses, the aggravated incest statute provided that "[a] person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both."

La.R.S. 14.78.1(D).  At the time, the offense required a six-person jury.  La.Code Crim.P. art. 782(A).

However, as noted by Defendant, count one of the indictment alleged the offense occurred in 2011. At that time, the offense of aggravated incest of a victim under the age of thirteen provided for a range of punishment of "imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence." La.R.S. 14:78.1(D)(2).  In this case, a twelve-person jury is required.

The State argued that it was permissible to join count one in the same indictment with counts two through six. Louisiana Code of Criminal Procedure Article 493.2 provides:

> Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.

Defendant argues in brief that "there are several flaws in the use of that article" for the reasons that as he argued in assignment of error number two, count one did not constitute aggravated incest since the victim was not included in the aggravated incest statute as a designated relative.

Despite Defendant's speculations of what should have been done before trial or why the jury acquitted Defendant of the offense charged in count one; he has failed to show that he suffered any prejudice because he was tried by a twelve-person jury rather than a six-person jury, all of whom concurred.

13

"[T]rial of a six-person jury offense in a 12–person jury forum may take place if the offense is joined in a single proceeding with a 12–person jury offense, *i.e.*, with an absolute felony necessarily punishable at hard labor." *State v. Brown*, 11-1044, p. 2 (La. 3/13/12), 85 So.3d 52, 53; La.Const. art. 1, § 17(B).

> [I]n State v. Jones, 05–0226, p. 3 (La.2/22/06), 922 So.2d 508, 511, [the supreme court] held that the error in trying a six-person jury offense in a 12–person jury forum no longer constitutes a non-waivable structural defect in the proceedings but "falls within the vast category of trial errors which are subject to harmless error analysis and which warrant reversal only where the defendant is actually prejudiced."

*Id.*

In the current case, Defendant failed to show how he was prejudiced by having his case decided by a unanimous twelve-person jury. Accordingly, if there was error, it was harmless. There is no merit to this assignment of error.

## ASSIGNMENT OF ERROR NUMBER SIX

Defendant argues that the sentences are excessive, both in magnitude and "with respect to Defendant receiving maximum sentences, consecutive to each other, on Counts Two and Three." Defendant received the maximum sentences of twenty years imprisonment on counts two and three, to be served consecutively for a total of forty years. La.R.S. 14:78.1(D)(1). He received ten years each on the remaining three counts, to be served concurrently with each other and with the forty-year sentence. Defendant argues that the sentences constitute cruel and unusual punishment in that at his age, he has been ordered to prison for the rest of his life.

In *State v. H.A.*, *Sr.*, 10-95, pp. 24-25 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 49-50 (alterations in original), wherein the defendant was convicted of sexual

14

abuse of his stepdaughter, this court reiterated the standard for a review of an excessive sentence claim, as follows:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331 (citations omitted).

To decide whether a sentence shocks our sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

In the current case, Defendant further argues:

There is no discernable difference between Counts Two and Three on the one hand (for which he received 20 years each, consecutive) and Counts Four, Five, and Six (for which he received 10 years each, concurrent) in either the Indictment or the evidence adduced at trial. The trial court gave no reason for treating Counts Two and Three especially harshly. This fact is exacerbated by the complete lack of any identification during the trial and verdicts of what acts pertain specifically to Counts Two, Three, Four, Five, or Six. In other words, there is no rhyme or reason (and no reason given on the record) as to why Count Two or Count Three were treated so much more harshly than Counts Four through Six.

At the sentencing hearing, the trial court acknowledged letters sent on Defendant's behalf. The trial court also heard testimony from Defendant's son and a neighbor, both of whom spoke of Defendant's good character and asked for leniency in his sentencing. The trial court noted Defendant was a first felony offender and, other than a DWI conviction several years prior, had no criminal history. The trial court stated for the record:

Okay. The law recognizes, obviously, Aggravated Incest to be a very serious crime, and I think the legislature recognized the serious nature of the crime by making the penalty greater in recent years. Now, of course, you are entitled to be sentenced according to the law as it existed at the time the offenses were committed, but since that time the law has changed, if the child is under a certain age, and that would certainly have qualified here and any sentence imposed -- I believe it was 25 to 99 without the benefit of probation, parole, or suspension of sentence. But, there again, you are entitled to be sentenced according to the law as it existed at that time. But the reason I'm pointing that out, obviously, the legislature recognizes the need as far -- in society to take care of their young folks, because obviously, this apparently started when she was approximately five years of age, and I do feel compelled to put on the record having presided over the entirety of this trial, I did find her to be a very credible witness. Also, I will point out that you are a first felony offender. I have considered how these offenses have affected this young lady, and one thing that Mr. Burns said that I certainly don't agree with talking about it coming out in later years. I think a good example is the sexual abuse situation that various – that the church has found themselves in. You know, priest, well, these are supposed to be Godly Christian folks, and we all know that this many years later when some of these abuse victims come forth, and there's a lot of reasons for that. When you're five years old, I mean, shame, humiliation, you don't want to destroy the familiar relationship within

16

which you find yourself, maybe when you're that young you don't recognize the economical situation, but still, it does have a lasting effect on you because, in especially in a case like this where it's a stepfather type situation. You, you are to be the leader of the family, providing guidance and foundation, and your acts here, in my opinion, and as I said, I find the witness credible and I agree with the jury's verdict. Your acts here violated in my opinion, the most sacred institution -- the family, and the trust family members have one for another. And this pattern of sexual abuse, obviously, violated this young lady's trust in you and took away her childhood. And obviously, the only thing I can say is in exchange for your own sexual gratification. I did find it to be a heinous crime. Apparently, it has affected her in a psychological fashion as well. I think she's in counseling or has been at one point in time, but anyway these type of activities whether she is or not have a very lasting effect on a young person and certainly causes serious emotional trauma to her.

This court finds the two maximum sentences of twenty years, imposed consecutively for a total of forty years imprisonment, excessive individually and consecutively under the circumstances of the case and in comparison with similarly situated defendants and offenses.

In *State v. J.M.*, 06-624 (La.App. 3 Cir. 11/2/06), 941 So.2d 686, the defendant was convicted of two counts of aggravated incest and one count of attempted aggravated incest. He was sentenced to two, ten-year terms of imprisonment on the aggravated incest convictions, with six years suspended, and five years on the attempted aggravated incest conviction, with three years suspended. The sentences were ordered to be served consecutively for a total of ten years imprisonment. On appeal, the defendant challenged the sufficiency of the evidence and argued the sentences were excessive.

In J.M., the defendant played "doctor" with three of his granddaughters. The girls were ten, twelve, and thirteen at the time of the acts, which occurred several times over a period of a little more than a year. The facts as presented at trial showed that during their "play" he would pretend to bandage the "bo-bos" on their

legs, and, as he did so, he would reach under their pants and touch their vaginas, both over and under their panties. He made them watch a pornographic movie. He wanted them to play "dare" to take off their clothes and do what the people in the movie did. The girls would refuse or hide in the house and call for a parent to come and get them. He threatened them not to tell or something bad would happen. Eventually, the girls refused to visit their grandparent all together and the matter came out.

This court affirmed the convictions but vacated the sentences as the sentences were indeterminate as imposed. After remand, in *State v. J.M.*, 07-453 (La.App. 3 Cir. 10/31/07), 968 So.2d 1164 (alterations in original)(footnote omitted), having received the same prison terms, the defendant again alleged excessiveness considering his age and health. This court affirmed, finding as follows:

> The trial court set forth several aggravating factors. It found that the defendant's conduct manifested cruelty to the victims, as the victims indicated that they were placed in "scary" situations by someone they trusted. The trial court emphasized that not only did the defendant use "his position or status to facilitate the commission of the offense[s,]" he used his position of authority to attempt to perpetuate the victims' silence. It noted that the victims' were vulnerable due to their ages and that they experienced significant emotional distress and psychological scarring.

> The trial court found some mitigating factors. It recognized that the defendant had no prior criminal record and that he would likely respond to probationary treatment. The trial court was also cognizant of the fact that the defendant was married for several years, had medical problems, and took care of his ailing mother and her husband.

> The trial court stated that it imposed consecutive sentences because "there have been three individual victims that have been abused on different occasions[.]"

> . . . .

18

The trial court proceeded to sentence the defendant to the same terms of incarceration previously imposed and ordered the sentences to run consecutively.

After reviewing the record, we find that the defendant's sentences are not excessive. Even given the consecutive nature of the penalties imposed on all three counts, the defendant's total term of imprisonment only amounts to one-fifth of his potential maximum exposure for the offenses. Because the defendant received the same sentences previously imposed, we cannot say that the trial court did not consider the same mitigating factors. Nevertheless, considering the circumstances of the instant offenses, particularly, the ages of the victims, their relationship to the defendant, and the permanent effect that the offenses will have on them, we find that the trial court did not abuse its discretion in imposing sentence.

Nor do we find that the trial court abused its discretion in ordering that the defendant's sentences run consecutively insofar as there were three victims and the offenses occurred on different occasions. *See* La.Code Crim.P. art. 883 and *State v. H.B.*, 06-1436, p. 10 (La.App. 3 Cir. 4/4/07), 955 So.2d 255, 262 (wherein this court found that the trial court did not abuse its discretion in imposing consecutive sentences where "each of the three charged offenses all had separate victims and that the abuse forming the basis of the charge happened on at least three different dates and time periods").

*Id.* at 1168.

In *State v. A.B.M.*, 10-648 (La.App. 3 Cir. 12/8/10), 52 So.3d 1021, the defendant impregnated his daughter after having sexual intercourse with her starting when she was twelve or thirteen years old. He received fifteen years imprisonment on one count of aggravated incest.

In *State v. H.A., Sr.*, 47 So.3d 34, the defendant was convicted of molestation of a juvenile and attempted aggravated incest and received five years on both convictions, to be served concurrently. The first victim was his nine-year-old daughter and was a one-time occurrence wherein he fondled her breast and vagina. The second victim was his stepdaughter. She testified that starting when she was nine years old, he repeatedly fondled her, inserting his finger in her vagina, exposed himself to her, made her masturbate him, and attempted to

penetrate her with his penis. This court noted the leniency of the sentences, particularly since they were ordered to be served concurrently, and did not find them excessive.

In a second circuit case, *State v. Stephens*, 42,796, 42, 797 (La.App. 2 Cir. 12/5/07), 973 So.2d 145, *writ denied*, 08-165 (La. 6/20/08), 983 So.2d 1271, the defendant pled guilty to aggravated incest after he impregnated his fifteen-year-old stepdaughter. He was also convicted of molestation of one of his step granddaughters, and a third sexual offense was dismissed. The defendant appealed the maximum sentence of twenty years for aggravated incest and then years for molestation of a juvenile as excessive. However, noting that he was a third felony offender and that one of the prior felonies was a sexual offense that involved anal intercourse with his ten-year-old stepson, the second circuit did not find the maximum sentence excessive in this case, particularly since he committed the instant offense while he was on probation for the prior sexual offense.

As noted above, generally, maximum sentences are reserved for the worst of offenders and the worst of offenses. *State v. Farhood*, 02-490 (La.App. 5 Cir. 3/25/03), 844 So.2d 217. In the current case, the victim testified that Defendant touched her on her breast and rubbed her vagina. She did not testify that he forced her to touch him, have oral sex with him, or that he penetrated her with his finger or any other instrumentality. She did not testify that he made her watch pornographic movies or watch him masturbate. She specifically stated that he never threatened her and that when she decided it was enough, he stopped. In the current case, we find that Defendant is not one of the worst of offenders when it comes to child sexual abuse.

20

Furthermore, as pointed out by Defendant, the trial court articulated no reasoning as to why it chose to impose the maximum sentences on counts two and three and then ordered the sentences to be served consecutively. Generally, when a defendant is convicted of two or more offenses arising out of a single course of conduct, concurrent sentences are not mandatory, and it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. La.Code Crim.P. art. 883. However, an order directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record, and the trial court shall state the factors considered and its reasons for the consecutive terms. *State v. Humphries*, 48,235 (La.App. 2 Cir. 9/25/13), 124 So.3d 1177; *State v. Boudreaux*, 41,660 (La.App. 2 Cir. 12/13/06), 945 So.2d 898, *writ denied*, 07-58 (La. 11/2/07), 966 So.2d 591.

In *Boudreaux*, the defendant pled guilty to fourteen counts of video voyeurism and was sentenced to four years on each count to be served consecutively for a total of fifty-six years. He appealed the sentences, arguing that at forty-two years old, the imposition of fifty-six years imprisonment constituted a life sentence. The second circuit agreed. The defendant in *Boudreaux* had hidden a video camera in his stepdaughter's bedroom and taped her and several of her friends in various stages of nudity over a course of several months. The second circuit stated:

> When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single cause of conduct are not mandatory, and it is within a trial court's discretion to order sentences to run consecutively rather than concurrently.

A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms.

Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation, and whether defendant has received a benefit from a plea bargain.

[T]he failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences.

In attacking his consecutive hard labor sentences as excessive, defendant points out that La. R.S. 14:283, the video voyeurism statute, in paragraph B(4), recognizes that the worst offenders are those who commit the crime against children and because his victim was not a minor, he is not the worst type of offender. He claims that the offense of video voyeurism is not a rape or sexual assault and in many cases such severe sexual offenders (rapists and child molesters) receive substantially smaller sentences than the one imposed in his case.

. . . .

Any sentence for video voyeurism under La. R.S. 14:283 B(3) must be served without benefit of parole, probation, or suspension of sentence. As a practical matter, 14 four-year terms without benefit of parole to be served consecutively is a life sentence. Even as a second felony offender, defendant would have been subject to a fixed term.

Although defendant's video voyeurism does not involve any physical contact or violence, it is nonetheless a reprehensible violation of a personal nature. At 18 years old, the victim may not legally have been a minor, but she was a young and callow girl. Defendant perpetrated the crime against someone he had essentially raised as a daughter. According to the victim, her mother and defendant began dating when she was eight years old and married when she was eleven. After the parties separated in April of 2003, the victim lived with her mother for approximately four months then moved in with defendant. She lived with defendant and defendant's son until June 2005 when defendant ordered her to leave.

The experience has had and undoubtedly will continue to have a significant effect on the victim. However, defendant's activities all

22

formed a part of a single scheme or plan, something that the trial court did not adequately address at sentencing.  While it is within the trial court's discretion to impose sentences consecutively in an appropriate "scheme or plan" case, in the instant matter, the imposition of a 56-year term without parole is out of proportion to the offense and appears to impose a purposeless and needless infliction of pain and suffering.

*Id.* at 902-04 (case citations omitted)(footnote omitted). The second circuit vacated the sentences and remanded for the trial court to "reevaluate and address which of these counts represent a separate and distinct crime and impose consecutive and concurrent terms in a more appropriate fashion." *Id.* at 904.

In *Humphries*, 124 So.3d 1177, the defendant was convicted of three counts of aggravated incest committed against his stepdaughter. He was sentenced to forty-five years on one count and sixteen years on the remaining two counts, to be served concurrently with each other and consecutively to the forty-five year sentence for a total of sixty-one years imprisonment. He appealed the sentences asserting that the sentence of sixty-one years was excessive and constituted cruel and unusual punishment. After looking at whether the forty-five year sentence was excessive and determining it was not, the second circuit looked to whether it was error for the trial court to impose consecutive sentencing in the case. The second circuit noted that over the ten years that the defendant abused the victim, the acts of abuse escalated from touching when the victim was five or six to anal intercourse when she was fifteen.

> Similarly, the 16-year sentences for Counts Two and Three, which encompass the acts of forced anal sex that Defendant admitted to, are not excessive and are within La. R.S. 14:78.1(D)(1)'s sentencing range of 5 to 20 years with or without hard labor with a fine not to exceed $50,000.  The concurrent 16-year sentences are not out of proportion to the severity of the crime and do not shock the sense of justice.

23

Furthermore, the total sentence of 61 years at hard labor is not excessive. When a defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883.

. . . .

During the resentencing hearing, the trial court specifically noted that particular justification was required for imposing consecutive sentences for crimes arising out of a single course of conduct. As discussed, *supra*, the trial court thoroughly detailed the aggravating and mitigating factors it considered when deciding on Defendant's sentence. The trial court emphasized how the sexual acts performed by Defendant escalated after K.W. turned 15 to include forced anal sex. It determined that the acts performed in Count One and the acts performed in Counts Two and Three were distinguishable and not an ongoing crime. Based upon this reasoning, the trial court ordered that Counts Two and Three run concurrently with each other and consecutively with Count One. The trial court properly provided particular justification and clearly stated the factors it considered in imposing this sentence. We find, therefore, that the trial court did not err in ordering consecutive sentences and that the total sentence of 61 years at hard labor is not excessive.

*Id.* at 1190-91.

As argued by Defendant above, and unlike *Humphries*, the five counts were indistinguishable, and the trial court did not give justification as to why counts two and three were dealt with more harshly than the remaining counts or why it choose to impose consecutive sentences for a total of forty years. At the time of sentencing, Defendant was sixty-six years old. As in *Boudreaux*, at the time of the offenses, La.R.S. 15:571.3(C)(4)(e) mandated that he was not eligible for diminution of sentence. While the victim in the current case was a minor, five or six when the abuse began, it did not escalate from touching and ended when the victim told him to stop. Without sufficient justification, we find that the two consecutive sentences totaling forty years is nothing more than cruel and unusual punishment.

24

Therefore, this court vacates the sentences on counts two and three and remands the matter to the trial court to reevaluate and address whether these two, twenty-year sentences, individually and consecutively, are excessive in light of the above jurisprudence.

## DECREE

This court affirms the convictions, vacates the sentences on counts two and three, and remands the matter to the trial court to reevaluate and address whether these two, twenty-year sentences imposed are excessive in light of the above jurisprudence and whether there is sufficient justification for imposing the sentences to be served consecutively.

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO AND THREE VACATED; AND REMANDED FOR RESENTENCING.**